IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IKLAS R. DAVIS, | No. 4:23-CV-01202 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| FEDERAL BUREAU OF PRISONS, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

SEPTEMBER 15, 2023

Plaintiff Iklas R. Davis filed the instant *pro se* civil rights action alleging various constitutional violations by federal officials, presumably pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Because Davis fails to state a claim upon which relief may be granted, the Court will dismiss his complaint under 28 U.S.C. § 1915A(b)(1) but will grant him leave to amend.

I.  **STANDARDS OF REVIEW**

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[1] One basis for dismissal at the screening stage is if the complaint "fails to state a claim

---

[1] *See* 28 U.S.C. § 1915A(a).

upon which relief may be granted[.]"[2] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[3]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[4] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[5] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[6]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[7] At step one, the court must "tak[e] note of the elements [the]

---

[2] *Id.* § 1915A(b)(1).
[3] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[4] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[5] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[6] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[7] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

plaintiff must plead to state a claim."⁸  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.⁹  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."¹⁰  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."¹¹

Because Davis proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"¹²  This is particularly true when the *pro se* litigant, like Davis, is incarcerated.¹³

## II.   DISCUSSION

Davis's complaint is difficult to follow.  He frequently references contracts, the Uniform Commercial Code (UCC), demands, trust instruments, security agreements, and the like.¹⁴  His allegations are reminiscent of the "Sovereign Citizen" ideology, as noted by Federal Bureau of Prisons (BOP) officials during

---

⁸   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
⁹   *Id.* (quoting *Iqbal*, 556 U.S. at 679).
¹⁰  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
¹¹  *Iqbal*, 556 U.S. at 681.
¹²  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
¹³  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
¹⁴  *See generally* Doc. 1.

his disciplinary proceedings.[15] As best the Court can ascertain, Davis is asserting the following potentially cognizable constitutional torts: (1) a Fourth Amendment violation for the search of his cell and confiscation of personal property[16]; (2) an Eighth Amendment conditions-of-confinement claim for being housed in the Special Housing Unit (SHU) on administrative detention for approximately three months[17]; and (3) an Eighth Amendment excessive force claim.[18]

The Court initially observes that, because Davis is suing federal actors for alleged constitutional deprivations, his claims implicate *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*.[19] Causes of action relying on *Bivens*, however, have been extremely circumscribed in recent years, and extending the *Bivens* remedy is now a decidedly "disfavored judicial activity."[20] Nevertheless, the Court need not determine at this juncture whether a *Bivens* remedy exists for Davis's claims because his complaint fails to state a constitutional violation.

---

[15] *See* Doc. 1-1; *see also* Charles E. Loeser, *Sovereign Citizens: A Reasoned Response to the Madness*, 93 N.C. L. Rev. 1106, 1119-26 (2015) (providing a thorough explanation and history of sovereign citizen ideology).
[16] *Id.* at 2, 4.
[17] *Id.* at 3.
[18] *Id.* at 4.
[19] 403 U.S. 388 (1971).
[20] *Ziglar v. Abbasi*, 582 U.S. 120, 137 S. Ct. 1843, 1857 (2017) (citation and internal quotation marks omitted).

### A. Personal Involvement

It is well established that, in *Bivens* actions (as in lawsuits pursuant to 42 U.S.C. § 1983), liability cannot be predicated solely on the operation of *respondeat superior*.[21] Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[22] Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[23]

Davis's complaint alleges personal involvement in purported constitutional violations by only two of the named defendants: SIS M. Klobe and C.O. Campbell. While Davis lists an additional 23 identified and unidentified defendants on the first page of his complaint,[24] he does not include any allegations of their personal involvement in a plausible constitutional violation.[25] Accordingly, all Defendants except Klobe and Campbell must be dismissed for lack of personal involvement.

---

[21] *See Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009).
[22] *Id.*
[23] *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").
[24] *See* Doc. 1 at 1.
[25] Although Davis cursorily mentions a few other Defendants by name in his complaint, like warden Beth Rickard, (*see* Doc. 1 at 2), and the Director of the BOP, (*see id.* at 3), his allegations against these Defendants do not come close to implicating constitutional violations.

## B.     Fourth Amendment Claim

Davis appears to assert that the search of his cell and confiscation of his "private paper[s] and effects" by Klobe violates his Fourth Amendment rights.[26] The Fourth Amendment to the United States Constitution, in pertinent part, protects against "unreasonable searches and seizures."[27]  However, in the prison context, it is well settled that "prisoners have no legitimate expectation of privacy . . . and the Fourth Amendment's prohibition on unreasonable searches [and seizures] does not apply in prison cells[.]"[28]  Rather, the Fourth Amendment's application to prison settings has been narrowly constrained to issues regarding bodily integrity.[29]

Davis's complaint clearly fails to state a Fourth Amendment violation.  He has no expectation of privacy in his prison cell, nor is he asserting a claim involving bodily integrity.  Accordingly, this claim against Klobe is fatally deficient and must be dismissed.

---

[26]  Doc. 1 at 2.
[27]  U.S. CONST. amend IV.
[28]  *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001) ("The *Hudson* court confirmed that a Fourth Amendment right to be free from unreasonable searches and seizures is inconsistent with incarceration."); *see also Humphrey v. Sec'y Pa. Dep't of Corr.*, 712 F. App'x 122, 125 (3d Cir. 2017) (nonprecedential) (holding that seizure of legal materials did not state a cognizable Fourth Amendment claim) (citing *Hudson*, 468 U.S. at 536).
[29]  *See Parkell v. Danberg*, 833 F.3d 313, 324-25 (3d Cir. 2016) (distinguishing *Hudson*'s holding from Fourth Amendment claims regarding invasive searches of prisoners' bodies).

## C. Eighth Amendment Conditions-of-Confinement Claim

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort."[30] Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or "inhumane treatment," such as deprivation of "identifiable human need[s]" like "food, clothing, shelter, medical care, and reasonable safety[.]"[31] To prevail on an Eighth Amendment conditions-of-confinement claim, a plaintiff must show both objective and subjective elements.[32] Objectively, the prisoner must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.[33] Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety."[34] Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm."[35]

Davis alleges that he was placed in the SHU during the investigation of several disciplinary infractions and experienced "no outside rec[reation]," no

---

[30] *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).
[31] *See Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted).
[32] *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015)
[33] *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson*, 501 U.S. at 297).
[34] *Id.* (citing *Farmer*, 511 U.S. at 834).
[35] *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).

telephone access, and "18 hours of continual light."[36] It is unclear from his complaint how long he was housed in the SHU, but even assuming it was for the maximum time possible (*i.e.*, from the date of the first incident—April 11, 2023—until he filed his complaint on July 5, 2023), he cannot state an Eighth Amendment conditions-of-confinement claim. That is because being placed in the SHU for less than three months during (or because of) disciplinary proceedings, without more, does not implicate a sufficiently serious deprivation.[37] In other words, Davis's placement in the SHU (with the loss of minor privileges like outdoor recreation and telephone calls) for less than three months does not rise to the level of a constitutional infringement.

### D.  Eighth Amendment Excessive Force Claim

In his final claim, Davis alleges excessive force by Campbell. That claim, however, consists of just a single sentence: "[O]n 5-30-2023 I was assaulted by the staff/gang member of the FBOP at Schuylkill inside 4A unit by [sic] C.O.

---

[36] Doc. 1 at 3.
[37] *See Griffin v. Vaughn*, 112 F.3d 703, 705, 709 (3d Cir. 1997) (finding no Eighth Amendment violation for inmate's placement in administrative segregation for 15 months during pendency of disciplinary proceedings); *Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992) ("Segregated detention is not cruel and unusual punishment *per se*, as long as the conditions of confinement are not foul, inhuman[,] or totally without penological justification."), *superseded by statute on other grounds as stated in Nyhuis v. Reno*, 204 F.3d 65, 71 n.7 (3d Cir. 2000); *Johnson v. Burris*, 339 F. App'x 129, 131 (3d Cir. 2009) (nonprecedential) (holding that administrative segregation and loss of minor privileges did not state a conditions-of-confinement claim); *Wilson v. Hogsten*, 269 F. App'x 193, 195 (3d Cir. 2008) (nonprecedential) (finding that 12-month placement in the SHU—without alleging facts showing a sufficiently serious deprivation of "life's necessities"—was insufficient to state an Eighth Amendment claim).

Campbell when [ ] Klobe order [sic] C.O. Campbell to take my legal private documents yet again to stop myself [sic] from finishing my administrative process."[38]  This confusing sentence does not plausibly state a claim for excessive force under the pleading requirements of *Twombly* and *Iqbal*.  It is entirely conclusory, lacks adequate factual background, and appears to assert that Davis was "assaulted" by the confiscation of his private legal documents.  Accordingly, this conclusory and undeveloped Eighth Amendment claim must also be dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief.[39]

### E.     Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[40]  Davis's Fourth Amendment claim will be dismissed with prejudice because granting leave to amend would be futile.  Davis's allegations of the search of his cell do not, and cannot, state a claim for relief.  However, because it is conceivable that he could cure his pleading deficiencies with regard to his Eighth Amendment claims, the Court will permit

---

[38] Doc. 1 at 4.
[39] In a different part of his complaint, Davis asserts that "many CO [sic] unname [sic] . . . placed [him] in chains, broke his glasses, choked [him] out, hit and kicked [him]," and took his legal documents. Doc. 1 at 4. Although this sentence gets closer to stating an excessive force claim, Davis does not clarify which unidentified officer took what action and therefore he has not pled personal involvement in the purportedly unconstitutional episode. *See Ashcroft*, 556. U.S. at 676.
[40] *Grayson*, 293 F.3d at 114.

him to file an amended complaint—in accordance with this Memorandum—in the event that he can aver facts that would plausibly state an Eighth Amendment violation that has a *Bivens* remedy available.

If Davis chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The amended complaint should set forth Davis's claims in short, concise, and plain statements, and in sequentially numbered paragraphs.  Davis *may not* reassert claims that have been dismissed with prejudice.  He must address the deficiencies identified in this Memorandum, and he must include all allegations within his pleading.  He must also *specify the offending actions taken by a particular defendant*, sign the amended complaint, and indicate the nature of the relief sought.

### III.   CONCLUSION

Based on the foregoing, the Court will dismiss Davis's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief may be granted.  Davis may file an amended complaint in accordance with this Memorandum.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge